UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTOINE PERKINS,

    *Plaintiff*,                               CASE NO. 11-CV-10794

*v*.                                      DISTRICT JUDGE AVERN COHN
                                        MAGISTRATE JUDGE CHARLES BINDER

LORA LNU, *RN*,
ROB LNU, *RN*,

    *Defendants*.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
PURSUANT TO THE PRISON LITIGATION REFORM ACT**

**I.    RECOMMENDATION**

**IT IS RECOMMENDED** that the Court **VACATE** the order granting Plaintiff's Application to Proceed Without Prepayment of Fees and Costs that was entered on March 11, 2001, and **REVOKE** Plaintiff's *in forma pauperis* status because Plaintiff had three strikes under 28 U.S.C. § 1915(g) at the time he filed this lawsuit. **IT IS FURTHER RECOMMENDED** that Plaintiff be given 30 days to submit the entire filing fee or suffer dismissal without prejudice of his case.

**II.    REPORT**

    **A.    Background**

Plaintiff is a prisoner who is currently incarcerated at the Ojibway Correctional Facility in Marinesco, Michigan. Plaintiff filed this *pro se* prisoner civil rights suit on February 28, 2011, alleging that his Eighth Amendment rights were violated on June 25, 2009, by two nurses who failed to properly respond to Plaintiff's asthma complications. On March 11, 2011, Plaintiff's

application to proceed *in forma pauperis* was granted and on March 14, 2011, the U.S. Marshal was directed to serve process on the defendants. On April 4, 2011, the case was referred to the undersigned magistrate judge for pretrial case management. Upon conducting the required screening of the case, it was found that Plaintiff Perkins had "three strikes" as defined by the Prison Litigation Reform Act ("PLRA") prior to the filing of this case.

**B.     Governing Law**

The PLRA, which was enacted on April 26, 1996, contains the following paragraph, which is commonly known as the "three strikes" provision:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

If a prisoner's "complaint clearly satisfie[s] the provisions of § 1915(g) at the moment of filing, the district court ha[s] no authority to consider the merits of the complaint." *Mitchell v. Tennessee*, 86 Fed. App'x 898, 899 (6th Cir. 2004). *See also Peeples v. Bradshaw,* 110 Fed. App'x 590 (6th Cir. 2004) (same); *Wallace v. Franklin*, 66 Fed. App'x 546, 547 (6th Cir. 2003) (same). If three strikes are found, the court must deny the plaintiff the privilege of proceeding without prepayment of fees and require full payment of the filing fee before proceeding to the merits of the case. *Wilson v. Yaklich*, 148 F.3d 596, 602-04 (6th Cir. 1998).

**C.     Discussion**

At the time this case was filed, Plaintiff Perkins had already accumulated three strikes: *Perkins v. Brown*, No. 2:06-CV-15, 2006 WL 335675 (W.D. Mich. Feb. 13, 2006) (Plaintiff's

complaint alleging that he was improperly classified as a Security Threat Group member *sua sponte* dismissed after screening for failure to state a claim); *Perkins v. Brown*, No. 2:06-CV-99, 2006 WL 1520748 (W.D. Mich. May 31, 2006) (Plaintiff's complaint alleging that his religious materials were improperly confiscated in violation of his right to practice his religion *sua sponte* dismissed after screening for failure to state a claim); *Perkins v. Lora,* No. 11-CV-10267, 2011 WL 282423 (E.D. Mich. Jan. 26, 2011) (complaint summarily dismissed after screening; "the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983 [because] the defendants, who are only sued in their official capacities, are entitled to Eleventh Amendment immunity"). Furthermore, Plaintiff has not alleged that he is under an imminent threat of harm, but rather seeks to bring forward a claim that his rights were violated during a specific incident in June 2009.

Accordingly, because Plaintiff attained three strikes prior to filing this case and he has not alleged that he is in danger of immediate harm, I suggest that the grant of Plaintiff's application to proceed without prepayment of fees and costs be vacated because this Court "ha[s] no authority to consider the merits of the complaint." *Mitchell*, 86 Fed. App'x at 899. I further suggest that Plaintiff be instructed to pay the $350 civil case filing fee within 30 days or suffer the dismissal of his case.

**III. REVIEW**

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

s/ *Charles E Binder*
CHARLES E. BINDER
Dated: April 8, 2011  United States Magistrate Judge

**CERTIFICATION**

I hereby certify that this Report and Recommendation was electronically filed this date, served by first class mail on Mr. Antoine Perkins, #249158, at Ojibway Correctional Facility, N5705 Ojibway Rd., Marenisco, MI, 49947; and served on District Judge Cohn in the traditional manner.

Date: April 8, 2011  By  s/*Jean L. Broucek*
Case Manager to Magistrate Judge Binder

4