UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTOINE PERKINS, #249158

    Plaintiff,

v.                                              Case No. 11-10794

LORA, LNU, RN, and
ROB, LNU, RN,                    HONORABLE AVERN COHN

    Defendants.

_____/

## MEMORANDUM AND ORDER REJECTING REPORT AND RECOMMENDATION
## (Doc. 7)

I.

This is a _pro se_ prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the Michigan Department of Corrections, claims that defendants violated his constitutional rights. On March 11, 2011, the Court granted plaintiff's request for _in forma pauperis_ (IFP) status and directed service. Doc. 5. On April 4, 2011, the case was referred to a magistrate judge for pretrial proceedings. Doc. 6. On April 8, 2011, the magistrate judge issued a Report and Recommendation (MJRR) recommending that the Court vacate its order granting plaintiff IFP status on the ground that plaintiff had three strikes under 28 U.S.C. § 1915(g). Plaintiff has objected to the MJRR. For the reasons that follow, the MJRR will be rejected. Plaintiff does not have three strikes within the meaning of 28 U.S.C. § 1915(g).

II.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).

III.

A.

The recommendation that the Court vacate its order granting plaintiff's IFP status is based upon the magistrate judge's conclusion that plaintiff has three strikes under 28 U.S.C. § 1915(g), which contains the following paragraph, commonly known as the "three strikes" provision:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

If three strikes are found, the court must deny the plaintiff the privilege of proceeding without prepayment of fees and require full payment of the filing fee before proceeding to the merits of the case. Wilson v. Yaklich, 148 F.3d 596, 602-04 (6th Cir. 1998).

B.

The magistrate judge identifies the following cases filed by plaintiff as strikes:

Perkins v. Brown, No. 2:06-cv-15, 2006 WL 335675 (W.D. Mich. Feb. 13, 2006);

Perkins v. Brown, No. 2:06-cv-99, 2006 WL 1520748 (W.D. Mich. May 31, 2006);

Perkins v. Lora, No. 2:11-cv-10267, 2011 WL 282423 (E.D. Mich. Jan. 26, 2011).

The Court agree that the first two cases are strikes. The third is not.

C.

The third case, Perkins v. Lora *(*Lora I), is essentially the same complaint filed in the pending case (Lora II), with one difference. In Lora I, plaintiff named the defendants only in their official capacities and in Lora II, plaintiff names them in their individual capacities. The district court summarily dismissed Lora I because by naming defendants in their official capacities, plaintiff sought monetary damages from defendants who were immune from such relief. The district court specifically noted: "[t]his dismissal is without prejudice to the filing of a complaint against the defendants in their individual capacities." Lora I at p. 4 n.2.

The question is whether a dismissal because the defendants were immune counts as a strike under 28 U.S.C. § 1915(g). The Court of Appeals for the Sixth Circuit has not addressed this issue. The plain language of the statute, however, supports a finding that it should not constitute a strike. "Statutory construction must begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose." Engine Mfrs. Assn. v. South Coast Air Quality Management Dist., 541 U.S. 246, 252 (2004). The screening provision of § 1915(e)(2) provides that a district court may dismiss a case at any time if the court determines:

> (A) the allegation of poverty is untrue; or
> (B) the action or appeal –
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The three strikes provision, set forth above, provides that a prisoner may not bring a civil action in forma pauperis "if the prisoner has, on 3 or more prior occasions, . . . brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prison is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Section 1915(g) does not include as an enumerated strike a case dismissed for seeking monetary relief against a defendant immune from such suit.  That the immune-from-such-relief language is included in § 1915(e)(2) and excluded from § 1915(g) indicates that Congress did not intend a dismissal on immunity grounds to count as a strike. Jama v. Immigration and Customs Enforcement, 543 U.S. 335, 341 (2005) ("We do not lightly assume that Congress has omitted from its adopted text requirements that it nonetheless intends to apply, and our reluctance is even greater when Congress has shown elsewhere in the same statute that it knows how to make such a requirement manifest.").  Given the plain language of the statute, a dismissal on the ground that the complaint seeks damages from defendants immune from such relief is not a strike and, accordingly, the dismissal in Lora I does not count as a strike.

Other district courts who have considered the issue have concluded the same. See Finley v. Gonzales, III, No. 1:08-cv-00075, 2009 WL 2581357, * 3 (E.D. Cal. Aug.

20, 2009) ("Congress clearly made a distinction between dismissal when an action is frivolous, malicious, or fails to state a claim, and when an action seeks monetary relief from a defendant who is immune from such relief. Thus . . . dismissal . . . for seeking monetary relief from a defendant who is immune from such relief does not count as a strike. . . ); Muqit v. Kitchens, No. 2:08-3959, 2009 WL 87429, *1 n.1 (D.S.C. Jan. 13, 2009) (stating that "the portion of § 1915(g) in question does not indicate a 'strike' as being a case in which a prisoner seeks monetary relief from a defendant who is immune from suit."); Searcy v. Fed. Bureau of Prisons, No. 6:06-cv-3146, 2007 WL 4322152, *5 (D.S.C. Dec. 6, 2007) (also noting that the language of § 1915A(b)(2) is not included in the language of § 1915(g) and finding that an "'intentional omission' by congress.") (citation omitted); Adame v. Texas, No. 5:05-cv-200, 2006 WL 3247359, *5 (E.D. Tex. Nov. 8, 2006) (holding that dismissal of claims brought against defendants in their official capacities did not count as a strike under § 1915(g)).

Further support is found by the Sixth Circuit's treatment of cases that are dismissed for failure to exhaust administrative remedies. The Sixth Circuit has held such a dismissal does not count as a strike under § 1915(g). Feathers v. McFaul, 274 F. App'x 467, 469 (6th Cir. 2008); Pointer v. Wilkinson, 502 F.3d 369, 372-74 (6th Cir. 2007). Such a dismissal does not address the merits of the complaint; instead it tells the plaintiff that the action is premature and does not bar refiling a complaint containing the same allegations after exhaustion of administrative remedies. See Feathers, 274 F. App'x at 469, citing Snider v. Melindez, 199 F.3d 108, 112 (2d Cir. 1999). A dismissal without prejudice because a complaint seeks monetary damages from individuals who are immune from such relief is similar to a dismissal on exhaustion grounds. As such, it

should not count as a strike.

Finally, any confusion regarding in what capacity to sue a defendant is understandable. It is easy to see how a prisoner who wishes to sue a defendant for actions undertaken in their capacity as employees of a correctional facility would believe such a suit should seek relief from the employees in their official capacities because they were performing their official duties. Such a mistake in pleading is not the kind of vexatious litigation the PLRA was targeted to reduce. As one court put it, in refusing to treat an appeal dismissed as premature as a strike, the PLRA "was designed to stem the tide of egregiously meritless lawsuits, not those temporarily infected with remediable procedural or jurisdictional flaws." Tafari v. Hues, 473 F.3d 440, 443 (2d Cir. 2007).

IV.

Accordingly, for the reasons stated above, the MJRR is REJECTED.[1] Plaintiff's IFP status continues.

SO ORDERED.

s/ Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: May 10, 2011
       Detroit, Michigan

---

[1] Given this determination, the Court need not address plaintiff's objection, in which he argues he has satisfied the "imminent danger" exception to the three strikes provision.

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing Order was served upon Plaintiff by First Class U.S. mail on May 10, 2011.

Antoine Perkins, # 249158
Ojibway Correctional Facility
N5705 Ojibway Road
Marenisco, MI 49947

                                                s/Johnetta M. Curry-Williams for Julie Owens
                                                Case Manager